1809.

Brown
*v.*
Lamberton.

---

Lessee of Biddle *against* Dougall and others.

*Sunbury,*
*Saturday,*
*July 8.*

THIS was an appeal from the decision of his Honour the late Judge *Smith,* at a Circuit Court for *Northumberland* in *October* 1806.

It was an ejectment for a tract of land in the purchase of 1768. The lessor of the plaintiff claimed under a lottery application of the 3d *April* 1769, in the name of *Philip Harding,* on which a survey was made 15th of *May* 1772, and

Before a survey has been returned, it is competent to the deputy surveyor to extend the lines so as to cover any land not appropriated, to the amount of the quantity in the application. But if after the survey has been executed, and before the extension of the lines, a survey has been made upon a younger, or even a *shifted* application, and returned into office or made known to the owner of the first survey, it is not in the power of the latter five years after his survey to extend his lines so as to include land within the last survey.

1809.

Lessee
of
BIDDLE
v.
DOUGALL.

returned into office the 3d of *July* 1772; and on the 28th *February* 1800, a patent was granted to Mr. *Biddle*, to whom the title was regularly deduced from *Harding*.

The defendants claimed under a lottery application for 300 acres in the name of *John Blair*, of the same date as the plaintiff's, but superior in number. On this application, a survey of 168 acres was made the 11th *October* 1769, by one of the assistants of *William Scull* the deputy surveyor, excluding the land in question. *Blair* was present when this survey was made, but it did not appear that he was informed by the surveyor at that time, what quantity of land it contained, or that the surveyor himself made any calculation of the contents on the ground. About the time of *Harding's* survey, the agent of *Blair* complained that he had not his proper quantity in the survey which had been made; there was no evidence however that *James Biddle*, the father of the lessor of the plaintiff, who then owned *Harding's* application, was informed of any interference of his survey with the claim of *Blair*.

In the year 1774, two years after *Biddle's* survey was returned, the lines of the survey made for *Blair* in 1769 were extended by *Charles Lukens*, deputy surveyor, so as to include in the whole 236 acres; and the present controversy was in relation to the 68 acres thus added to the original survey of *Blair*, and taken from that of *Harding*.

The questions for the jury were, whether the survey in 1769 was not made fraudulently to the prejudice of *Blair*, so as to entitle him to the full benefit of the survey in 1774; whether the plaintiff's application was not too loose to cover the land on which a survey was made in 1772; and whether it was marked on the ground, when *Blair* extended his lines; upon these points there was a variety of evidence which need not be detailed.

Upon the question of law which arose if the survey of 1769 was not fraudulent, Judge *Smith* charged the jury, that as *Blair's* survey had not been returned, he had a right to extend his lines, so as to cover any land not appropriated to another person; but if in the mean time a survey had been made for another, even on a shifted application, which had been returned into office, or made known to *Blair*, he had

no right five years after his own survey, and two years after the return of the other, to extend his lines so as to do that other an injury. His honour at the same time expressed an opinion, that *Harding's* survey was marked on the ground at the time *Blair* extended his lines, and was therefore known to him.

The jury found a verdict for the defendants, which the judge refused to set aside, and the plaintiff appealed.

The question of a new trial was now argued by *Hall* and *Duncan* for the plaintiff, principally upon the ground that the verdict was against the weight of evidence.

*D. Smith* and *Evans* for the defendants.

TILGHMAN C. J. after stating the facts, delivered the opinion of the court.

The plaintiff's location does not apply closely to the spot surveyed, but may be termed a loose application; such a one as according to the practice of the day, might be reasonably applied to the land in dispute. As *Blair's* survey had not been returned, he had a right to extend his lines so as to cover any land not appropriated to another person; but if there had been a survey for another person even on a shifted application which had been returned, or *Blair* was informed of it, he had no right after so long an interval to extend his lines to the prejudice of that person, even although he might have been ill used by the surveyor in making the original survey.

Thus was the law very properly laid down by the late Judge *Smith*, before whom this cause was tried, and he intimated a pretty strong opinion that *Blair* or his agents must have had notice of *Biddle's* survey, because there was evidence of its being made and marked on the ground, and it had been regularly returned into the office of the surveyor general. It is not our custom, when we think the verdict has been against a strong weight of evidence, to enter into a minute discussion of the testimony. We are of opinion on the whole of this case, that it will be conducive to justice to submit the matter to the consideration of another jury. We therefore order that a new trial be had.

New trial awarded.